HAWAII SUPREME COURT

| | |
|---|---|
| DARYL DEAN DAVIS, MARK APANA, ELIZABETH VALDEZ KYNE, EARL TANAKA, THOMAS PERRYMAN, and DEBORAH SCARFONE, on behalf of themselves and all others similarly situated, | CIVIL NO. 08-00525 HG-LEK<br><br>CERTIFIED QUESTION TO THE HAWAII SUPREME COURT FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII IN CIVIL NO. 08-00525 HG-LEK |
| Plaintiffs, | |
| vs. | |
| FOUR SEASONS HOTEL LIMITED, dba FOUR SEASON RESORT, MAUI and FOUR SEASONS RESORT, HUALALAI, and MSD CAPITAL, INC., | |
| Defendants. | |

## **CERTIFIED QUESTION TO THE HAWAII SUPREME COURT FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII IN CIVIL NO. 08-00525 HG-LEK**

Plaintiffs, food and beverage servers employed by Defendants, filed a Complaint alleging that Defendants have failed to remit the total proceeds of service charges imposed on the sale of food and beverages at Defendants' resorts. Upon commencing litigation, the following unresolved question of Hawaii state law has surfaced: Do Plaintiffs have standing pursuant to Hawaii Revised Statutes § 481B-14 in order to bring a claim for damages against their employer?

The Court subsequently ordered the parties to meet and confer in order to frame a question for submission to the Hawaii Supreme Court regarding Plaintiffs' standing pursuant to H.R.S. §

1

481B-14. The parties failed to agree on the question to be submitted. The Court respectfully requests that the Hawaii Supreme Court accept certification of this unresolved question of Hawaii state law.

## **PROCEDURAL HISTORY**

On November 21, 2008, Plaintiffs filed a Class Action Complaint. (Doc. 1.)

On January 12, 2009, Plaintiffs filed an Amended Class Action Complaint. (Doc. 13.)

On January 30, 2009, Defendants filed an Answer. (Doc. 34.)

On March 24, 2009, the Court ordered the parties to meet and confer in order to frame a question for submission to the Hawaii Supreme Court regarding Plaintiffs' standing pursuant to H.R.S. § 481B-14. (Doc. 53.) The parties were unable to agree upon the question for submission.

On April 14, 2009, Plaintiffs filed a Proposed Draft Certification of Legal Question to the Hawaii Supreme Court from the United States District Court for the District of Hawaii. (Doc. 57.)

On the same day, Defendants filed a Proposed Certification of Legal Question to the Hawaii Supreme Court from the United States District Court for the District of Hawaii.

(Doc. 58.)

## BACKGROUND

Plaintiffs are food and beverage servers employed or formerly employed at two Four Seasons resorts, including Defendant Four Seasons Hotel, Ltd. on Maui, and Defendant Four Seasons Resort at Hualalai on the Island of Hawaii. Plaintiffs allege in the Amended Complaint that during their employment, Defendants added a mandatory service charge to food and beverage bills for banquets, events, and meetings. (Amended Compl. at Section IV., ¶ 4.) Plaintiffs assert that Defendants did not "remit the total proceeds of the service charge as tip income to the employees who serve the food and beverages." (Id. at ¶ 5.) Defendants allegedly retained a portion of the service charge (or used it to pay managers or other non-tipped employees who do not serve food and beverages), and did not disclose the retention to the resorts' customers. (Id. at ¶¶ 6-7.)

Plaintiffs claim the retention of any portion of the service charge proceeds, without disclosure to customers, is in violation of H.R.S. § 481B-14.

## ANALYSIS

The question before the Court is whether Plaintiffs have standing under H.R.S. § 481B-14 to pursue Count I of the Amended Class Action Complaint.

Count I of the Amended Class Action Complaint states:

> The action of the defendants as set forth above are [sic] in violation of Hawaii Revised Statutes section 481B-14. Pursuant to Section 481B-4, such violation constitutes an unfair method of competition or an unfair and deceptive trade practice within the meaning of 480-2. Section 480-2(e) permits an action based on such unfair methods of competition to be brought in the appropriate court, and a class action for such violation is permitted and authorized by Section 480-13 and Rule 23 of the Federal Rules of Civil Procedure.

Count I of the Amended Class Action Complaint references three relevant statutes: H.R.S. § 481B-14, H.R.S. § 481B-4, and H.R.S. § 480-2(e).

> H.R.S. § 481B-14 states:
>
> Any hotel or restaurant that applies a service charge for the sale of food or beverage services shall distribute the service charge directly to its employees as tip income or clearly disclose to the purchaser of the services that the service charge is being used to pay for costs or expenses other than wages and tips of employees.
>
> H.R.S. § 481B-4 states:
>
> Any person who violates this chapter shall be deemed to have engaged in an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce within the meaning of section 480-2.
>
> H.R.S. § 480-2(e) states:
>
> Any person may bring an action based on unfair methods of competition declared unlawful by this section.

The Court believes it is prudent for the Hawaii Supreme Court to address the unresolved issue of standing under H.R.S. § 481B, as this is an issue of first impression. See Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974) (noting that the use of

certification rests in the sound discretion of the federal court); Smith v. Cutter Biological, Inc., 911 F.2d 374, 375 (9th Cir. 1990) ("We do not think it is appropriate to substitute our judgment on the interpretation of a Hawaii statute for the judgment of the Hawaii Supreme Court."). Hawaii Rule of Appellate Procedure 13 explicitly contemplates certification under circumstances such as this where there is "a question concerning the law of Hawaii that is determinative of the cause and that there is no clear controlling precedent in the Hawaii judicial decisions." Accordingly, the Court certifies the following question to the Hawaii Supreme Court, pursuant to its discretionary authority under Hawaii Rule of Appellate Procedure 13:

> Where plaintiff banquet server employees allege that their employer violated the notice provisions of H.R.S. § 481B-14 by not clearly disclosing to purchasers that a portion of a service charge was used to pay expenses other than wages and tips of employees, and where the plaintiff banquet server employees do not plead the existence of competition or an effect thereon, do the plaintiff banquet server employees have standing under H.R.S. § 480-2(e) to bring a claim for damages against their employer?

The Court's "phrasing of the question should not restrict the [Hawaii Supreme Court's] consideration of the problems and issues involved. The [Hawaii Supreme Court] may reformulate the relevant state law questions as it perceives them to be, in light of the contentions of the parties." Allstate Ins.

Co. v. Alamo Rent-A-Car, Inc., 137 F.3d 634, 637 (9th Cir. 1998) (citation and quotation signals omitted). If the Hawaii Supreme Court declines to accept certification, this court will "resolve the issues according to [its] understanding of Hawaii law." Id. (citation and quotation signals omitted).

## CONCLUSION

The Court certifies the following question to the Hawaii Supreme Court:

> Where plaintiff banquet server employees allege that their employer violated the notice provisions of H.R.S. § 481B-14 by not clearly disclosing to purchasers that a portion of a service charge was used to pay expenses other than wages and tips of employees, and where the plaintiff banquet server employees do not plead the existence of competition or an effect thereon, do the plaintiff banquet server employees have standing under H.R.S. § 480-2(e) to bring a claim for damages against their employer?

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, June 2, 2009.



/S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge

_____
DAVIS et al. v. FOUR SEASONS HOTEL LIMITED et al.; Civ. No. 08-00525 HG-LEK; **CERTIFIED QUESTION TO THE HAWAII SUPREME COURT FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII IN CIVIL NO. 08-00525 HG-LEK**