IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARYL DEAN DAVIS, MARK APANA, ELIZABETH VALDEZ KYNE, EARL TANAKA, THOMAS PERRYMAN, and DEBORAH SCARFONE, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　vs.<br><br>FOUR SEASONS HOTEL LIMITED, dba FOUR SEASON RESORT, MAUI and FOUR SEASONS RESORT, HUALALAI, and MSD CAPITAL, INC.,<br><br>　　　　　Defendants. | CIVIL NO. 08-00525 HG-LEK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC. 98)** |

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC. 98)**

　　　　On April 19, 2010, Plaintiffs filed a MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ("Motion for Leave to Amend," Doc. 98) and a Memorandum in Support of their Motion (Doc. 99).

　　　　On May 17, 2010, the Defendants filed an OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND ("Opposition to Motion for Leave," Doc. 104).

　　　　On May 24, 2010, Plaintiffs filed a REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND ("Motion for Leave Reply," Doc. 105).

　　　　The Plaintiffs' Motion is **GRANTED.**

1

## I. Amendment of Answer

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Under Rule 15(a)(2), if twenty days have passed since service of the answer, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." Id. The Ninth Circuit Court of Appeals has held that the policy of "freely" permitting a party to amend "is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Where amending the complaint would be futile, however, a court may deny a party leave to amend. Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009).

### A. Plaintiffs Did Not Waive Their Right to Amend

The Defendants argue at the outset that the Plaintiffs waived their right to amend the Complaint at the hearing on the Defendants' original Motion to Dismiss held in March of 2009. "Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." C.B.S., Inc. v. Merrick, 716 F.2d, 1295 (9th Cir. 1983).

Plaintiffs stated during the March hearing that they would stand on their Complaint regarding the issue of whether

they had standing to pursue their unfair methods of competition claim.  There is no evidence in the record to suggest that the Plaintiffs intended to waive their right to amend as to all other issues that might have been raised by the Hawaii Supreme Court regarding the sufficiency of Plaintiffs' First Amended Complaint.  The case law cited by the Defendants also does not support their argument, insofar as the cases involve situations where parties waived their right to amend in order to appeal an adverse decision, which is not the case here.  See Rick-Mik Enters. v. Equilon Enters., LLC, 532 F.3d 963, 977 (9th Cir. 2008)(refusing to allow plaintiff to amend where plaintiff chose to appeal decision rather than amend); Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)("By filing an appeal in this manner, however, DeKalb elected to stand on its Second Amended Complaint and waived its right to further amendment.") Plaintiffs did not waive their right to amend the Complaint.

      B.    **Plaintiffs' May File Their Second Amended Complaint**

Plaintiffs have requested leave to file their Proposed Second Amended Complaint.  As stated above, the Ninth Circuit Court of Appeals has held that the policy of "freely" permitting a party to amend "is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  The Plaintiffs' Motion is therefore **GRANTED**.  The

Court will accept Plaintiffs' Second Amended Complaint and will apply the Defendant's Motion to Dismiss (Doc. 94) filed on April 9, 2010 to the Plaintiffs' Second Amended Complaint.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, August 31, 2010.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

_____
DAVIS et al. v. FOUR SEASONS HOTEL LIMITED et al.; Civ. No. 08-00525 HG-LEK; **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT (DOC. 98)**