IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARYL DEAN DAVIS, et al., | ) | CV. NO. 08-00525 HG-BMK |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFFS' MOTION FOR |
| | ) | CLASS CERTIFICATION BE |
| FOUR SEASONS HOTEL | ) | GRANTED |
| LIMITED, dba FOUR SEASONS | ) | |
| RESORT, MAUI and FOUR | ) | |
| SEASONS RESORT, HUALALAI, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION BE GRANTED

On April 4, 2011, Plaintiffs Daryl Dean Davis, Mark Apana, Elizabeth

Valdez Kyne, Earl Tanaka, Thomas Perryman, and Deborah Scarfone (collectively

"Plaintiffs"), on behalf of themselves and all others similarly situated, filed the

instant Motion for Class Certification.  (Doc. # 130.)  The Court heard the motion

on July 11, 2011.  After careful consideration of the motion, the supporting and

opposing memoranda, and the arguments of counsel, the Court FINDS AND

RECOMMENDS that Plaintiffs' Motion for Class Certification be GRANTED.

BACKGROUND

Plaintiffs are food and beverage servers employed or formerly

employed by two Four Seasons resorts, including Four Seasons Resort, Maui, and

Four Seasons Resort, Hualalai (collectively "Resorts").  (Mem. in Supp. of Mot. at

6-7.)  The Resorts are operated by Defendant Four Seasons Hotel, Limited

("Defendant").  (SAC ¶ 3.)  On November 21, 2008, Plaintiffs filed a Class Action

Complaint.  (Doc. # 1.)  Plaintiffs amended their Class Action Complaint on

January 12, 2009.  (Doc. # 13.)  On the same day Defendant answered the

Amended Class Action Complaint, Defendant filed a Motion to Dismiss, arguing

in part that Plaintiffs lacked standing to pursue their claims.  (Docs. ## 32 34.)  On

June 2, 2009, then Chief District Judge Helen Gillmor certified the following

question to the Hawaii Supreme Court:

> Where plaintiff banquet server employees allege that their
> employer violated the notice provisions of [Hawaii Revised
> Statutes ("H.R.S.")] § 481B-14 by not clearly disclosing to
> purchasers that a portion of a service charge was used to pay
> expenses other than wages and tips of employees, and where
> the plaintiff banquet server employees do not plead the
> existence of competition or an effect thereon, do the plaintiff
> banquet server employees have standing under H.R.S. § 480-
> 2(e) to bring a claim for damages against their employer?

(Doc. # 75.)  Judge Gillmor directed the Clerk of Court to stay the proceedings and

close the case administratively.  (Docs. ## 86, 88.)

On March 29, 2010, the Hawaii Supreme Court answered the certified

question as follows:  "Employees are 'any persons' within the meaning of

H.R.S. §§ 480-1 and 480-2(e) and are within the category of plaintiffs who have standing to bring a claim under H.R.S. § 480-2(e) for a violation of H.R.S. § 481B-14." Davis v. Four Seasons Hotel Ltd., 122 Haw. 423, 446, 228 P.3d 303, 326 (2010). The Hawaii Supreme Court, however, held that "based on the allegations contained in [Plaintiffs'] Amended [Class Action] Complaint, [Plaintiffs] have not sufficiently alleged the 'nature of the competition' to bring a claim for damages against [Defendant] under H.R.S. §§ 480-2(e) and 480-13(a) for a violation of H.R.S. § 481B-14." Id.

Following the Hawaii Supreme Court's ruling, Defendant moved to reopen the case from administrative closure and filed a Renewed Motion to Dismiss. (Docs. ## 93, 94.) On April 19, 2010, Plaintiffs moved for leave to file a Second Amended Class Action Complaint. (Doc. # 98.) Judge Gillmor granted Defendant's motion to reopen the case from administrative closure on May 6, 2010. (See Doc. # 125 at 4.) Judge Gillmor then granted Plaintiffs' motion for leave to file a Second Amended Class Action Complaint. (Doc. # 121.) Plaintiffs filed their Second Amended Class Action Complaint ("SAC") on September 3, 2010. (Doc. # 122.) The SAC alleges that during Plaintiffs' employment, Defendant imposed a mandatory service charge to food and beverage bills for banquets, events, meetings, room service, and the like. (SAC ¶ 5.) The

SAC further alleges that Defendant did not "remit the total proceeds of the service charge as tip income to the employees who serve[d] the food and beverages." (Id. ¶ 6.) The SAC alleges that instead, Defendant retained a portion of this service charge, or used it to pay managers or other non-tipped employees who did not serve food and beverages, and did not disclose this retention to the Resorts' customers. (Id. ¶¶ 7, 8.) Count I of the SAC alleges that retention of the service charge proceeds, without disclosing this fact to customers, is an unfair method of competition in violation of H.R.S. §§ 480-2(e) and 481B-14. Counts II through V allege claims for intentional interference with a contractual or advantageous relationship (Count II), breach of implied contract (Count III), unjust enrichment (Count IV), and unpaid wages under H.R.S. § 388-6 (Count V).

On September 30, 2010, Judge Gillmor issued an Order Granting in Part and Denying in Part Defendant's Renewed Motion to Dismiss. (Doc. # 125.) Judge Gillmor noted that her order addressed the sufficiency of the SAC. (Id. at 5.) Specifically, the order held that: (1) Plaintiffs are permitted to proceed on Count I of the SAC, but only based upon the allegations set forth in paragraphs 10 and 12 (Id. at 38-39); (2) the SAC fails to state a claim as to Count II (intentional interference with a contractual or advantageous relationship), and therefore the Renewed Motion to Dismiss as to this count was granted (Id. at 35-36, 39); and

(3) as to the remaining counts, the claims asserted therein are sufficiently pled such that the Renewed Motion to Dismiss as to these counts was denied (Id. at 36-39).

On April 4, 2011, Plaintiffs filed the instant Motion for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, which Defendant opposes. (Docs. ## 130, 139.) That same day, Plaintiffs also moved for partial summary judgment against Defendant on Count V of the SAC. (Doc. # 132.) Judge Gillmor heard Plaintiffs' Motion for Partial Summary Judgment on June 21, 2011. (Doc. # 151.) At the hearing, Judge Gillmor granted Plaintiffs' Motion for Partial Summary Judgment as to Count V of the SAC. (Id.) Defendant also filed a Motion for Summary Judgment, which Judge Gillmor has elected to decide without a hearing. (Docs. ## 147, 149.)

DISCUSSION

This action is one of at least seven similar actions, involving food and beverage service employees suing their employers or former employers for loss of tip income, which were filed in this Court between November 21, 2008 and January 9, 2009.[1] In five of these cases, the plaintiffs filed motions for class

---

[1] These are actions are: Davis v. Four Seasons Hotel Ltd., Civ. No. 08-00525 HG-BMK (D. Haw. Nov. 21, 2008); Wadsworth v. KSL Grand Wailea Resort, Inc., Civ. No. 08-00527 ACK-RLP (D. Haw. Nov. 24, 2008); Apana v. Fairmont Hotels & Resorts (U.S.) Inc., Civ. No. 08-00528 JMS-LEK (D. Haw. Nov. 24, 2008); Villion v. Marriott Hotel Servs., Inc., Civ. No., 08-00529 LEK-

certification, which are nearly identical to the instant motion. District Judge Leslie

E. Kobayashi addressed one such motion in <u>Villon v. Marriott Hotel Services, Inc.</u>,

Civ. No. 08-00529 LEK-RLP, 2011 WL 2160483 (D. Haw. May 31, 2011). In her

Order Granting Plaintiffs' Motion for Class Certification, Judge Kobayashi

certified a class of "all non-managerial food and beverage service employees who,

from July 30, 2004 to the present, have worked at banquets, functions, events, and

small parties, or provided room service, where a service charge was imposed and

where a part of that service charge was kept by the Defendant or management

without adequate disclosure to customers . . . ." <u>Id.</u> at *18.

Magistrate Judge Richard L. Puglisi also addressed motions for class

certification in <u>Kyne v. Ritz-Carlton Hotel Co., L.L.C.</u>, Civ. No. 08-00530 ACK-

RLP, and <u>Wadsworth v. KSL Grand Wailea Resort, Inc.</u>, Civ. No. 08-00527 ACK-

RLP. In <u>Kyne</u>, Judge Puglisi recommended certifying a class of "all non-

managerial food and beverage service employees who, since November 24, 2002,

have worked at banquets, functions, small parties, room service, and other events at

the Ritz-Carlton, Kapalua, where a service charge was imposed and where a part of

RLP (D. Haw. Nov. 24, 2008); <u>Kyne v. Ritz-Carlton Hotel Co., L.L.C.</u>, Civ. No.
08-00530 ACK-RLP (D. Haw. Nov. 24, 2008); <u>Lara v. Renaissance Hotel
Operating Co.</u>, Civ. No. 08-00560 LEK-RLP (D. Haw. Dec. 10, 2008); and
<u>Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc.</u>, Civ. No. 09-00016
LEK-RLP (D. Haw. Jan. 9, 2009).

that service charge was kept by the Defendant without adequate disclosure to customers . . . ."  Civ. No. 08-00530 ACK-RLP, slip op. at 13 (D. Haw. June 27, 2011).  In Wadsworth, Judge Puglisi recommended certifying a class of "all non-managerial food and beverage food employees who, from January 31, 2006 to the present, have worked at banquets, functions, other events, and small parties, where a service charge was imposed and where a part of that service charge was kept by the Defendants or management without adequate disclosure to customers . . . ."  Civ. No. 08-00527 ACK-RLP, slip op. at 15 (D. Haw. June 27, 2011).

        In this case, Plaintiffs request the Court, pursuant to Rule 23, to certify a class of "all non-managerial food and beverage service employees who, since November 21, 2002, have worked at banquets, functions, events, and small parties, or provided room service, where a service charge was imposed and where a part of that service charge was kept by the Defendant[ ] or management without adequate disclosure to customers."  (Mem. in Supp. of Mot. at 26 (footnote omitted).)  In ruling upon Plaintiffs' motion, the Court finds Judge Kobayashi's order and Judge Puglisi's findings and recommendations persuasive and relevant to the motion.

I.      Exclusion of Managerial Employees from the Proposed Class

Before the Court can analyze the requirements for class certification

pursuant to Rule 23, the Court must address whether the proposed class should

include the Resorts' managerial employees.  Plaintiffs argue that although § 481B-

14 does not define the "employees" who the statute protects, the Court should

certify a class that is limited to non-managerial food and beverage service

employees.  (See Reply at 6-8.)  Defendant argues in opposition that any class

should also include managerial personnel who worked at banquets, functions,

events, small parties, or provided room service.  (See Opp'n at 1, 3-4, 11-17.)

The Court agrees with Judge Kobayashi's order in Villion that any

class should be limited to non-managerial food and beverage service employees.

See 2011 WL 2160483, at *14.  The Court gives particular weight to Judge

Kobayashi's discussion of the legislative history of § 481B-14 as set forth in:

District Judge David Alan Ezra's order in Rodriguez v. Starwood Hotels & Resorts

Worldwide, Inc., Civ. No. 09-00016 DAE-BMK, issued on December 29, 2010

("Rodriguez order"); and a Hawaii state court's order in Gurrobat v. HTH Corp.,

Civ. No. 08-1-2528-12, First Circuit Court, State of Hawaii, issued on March 25,

2010 ("Gurrobat order").  See id. at *5-14.

Judge Kobayashi noted that the legislative history contained in the

Rodriguez order clarifies that the Hawaii legislature intended § 481B-14 to cover

"serving employees who would otherwise be tipped." Id. at *6. Judge Kobayashi also noted that the Gurrobat hearing transcript stated that the legislative history of § 481B-14 indicates that the statute was intended to protect service workers and not managerial employees: "The purpose of the act was to require hotels and restaurants that apply a service charge for food and beverages, not distributed to employees as tip income, to advise customers that the service charge is being used to pay for costs or expenses other than wages and tips of employees." Id. at *7 (citation and quotation marks omitted). Further, the Court agrees with Judge Kobayashi that, to the extent that "managerial personnel may have a competing claim to the service charges at issue in this case, [1] the parties can raise that issue by presenting evidence in this case, and [2] that issue does not predominate over the issues currently presented in Plaintiffs' [SAC] such that certification of Plaintiffs' proposed class would be inappropriate." Id. at *14.

Finally, the Court's discussion regarding class certification as to Plaintiffs' § 481B-14 claim also applies to Plaintiffs' other claims. Defendant acknowledges that all of Plaintiffs' claims are related to the alleged violation of § 481B-14. (See Opp'n at 1, 4.) Thus, as Judge Kobayashi noted, "assuming that the proposed class satisfies [Rule 23's] requirements, there is no indication that there are any significant issues unique to individual class members which would

preclude certification of the class as to the common law, or other statutory, claims, in addition to certification as to the § 481B-14 claim." Villion, 2011 WL 2160483, at *14.

The Court now applies Rule 23 to Plaintiffs' proposed class of "all non-managerial food and beverage service employees who, since November 21, 2002, have worked at banquets, functions, events, and small parties, or provided room service, where a service charge was imposed and where a part of that service charge was kept by the Defendant[ ] or management without adequate disclosure to customers." (Mem. in Supp. of Mot. at 26 (footnote omitted).)

II.    Rule 23

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Wal-Mart Stores, Inc. v. Dukes, --- S. Ct. ---, 2011 WL 2437013, at *6 (2011) (quoting Califano v. Yamasaki, 442 U.S. 682, 700-01 (1979)).  "In order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Id. (citation and quotation marks omitted).  Rule 23(a)'s requirements "ensure[ ] that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." Id.  Under Rule 23(a), the party seeking certification bears the burden of

proving that:

> (1)     the class is so numerous that joinder of all members is impracticable;
>
> (2)     there are questions of law or fact common to the class;
>
> (3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These requirements are known as numerosity, commonality, typicality, and adequate representation. See Wal-Mart Stores, Inc., 2011 WL 2437013, at *6.

        In addition, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b). Id. at *5. In this case, Plaintiffs rely on Rule 23(b)(3), which applies when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). Rule 23(b)(3) presents two additional requirements for certification: predominance and superiority. See Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1090 n.1 (9th Cir. 2010); Poulos v. Caesars World, Inc., 379 F.3d 654, 664 (9th Cir. 2004).

Here, Plaintiffs allege that the proposed class meets all of Rule 23(a)'s requirements: commonality, typicality, numerosity, and adequate representation. (Mem. in Supp. of Mot. at 5.) Plaintiffs further allege that under Rule 23(b)(3), common questions of law or fact predominate over any issues affecting individual members, and a class action is the superior method of pursuing these claims. (Id.) For example, Plaintiffs allege that this case is appropriate for class certification because the merits of the claims do not rely on any individual class member's conduct. (Id. at 4.) Plaintiffs allege that rather, their claims are based solely on Defendant's policies and practices and therefore the factual issues are common to all members of the proposed class. (Id. at 4-5.)

The Court addresses Rule 23's requirements in turn.

A.    Rule 23(a)

1.    Numerosity

The numerosity inquiry "requires examination of the specific facts of each case and imposes no absolute limitations." Gen. Tel. Co. of the Nw., Inc. v. E.E.O.C., 446 U.S. 318, 330 (1980). Courts, however, have found the numerosity requirement to be satisfied when a class includes at least 40 members. See Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) (noting that "numerosity is presumed at a level of 40 members") (citation omitted); In re Nat'l

W. Ins. Deferred Annuities Litig., 268 F.R.D. 652, 660 (S.D. Cal. 2010) (noting that "[c]ourts have found joinder impracticable in cases involving as few as forty class members") (citations omitted); E.E.O.C. v. Kovacevich "5" Farms, No. CV-F-06-165 OWW/TAG, 2007 WL 1174444, at *21 (E.D. Cal. Apr. 19, 2007) (noting that "[c]ourts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members"); Ikonen v. Hartz Mountain Corp., 122 F.R.D. 258, 262 (S.D. Cal. 1988) (noting that "[a]s a general rule, classes of 20 are too small, classes of 20-40 may or may not be big enough depending on the circumstances of each case, and classes of 40 or more are numerous enough").

In this case, Plaintiffs allege that there are more than 100 putative class members. (SAC ¶ 2.) Specifically, Plaintiffs estimate that within the last five years, approximately 100 banquet servers, 5 to 8 bartenders, and 20 to 30 room service staff members worked at the Four Seasons Resort, Maui. (Apana Decl. ¶ 3.) Plaintiffs also estimate that from December 2005 to July 2007, approximately 50 to 75 banquet servers, 6 to 8 banquet captains, and 6 to 8 bartenders worked at the Four Seasons Resort, Hualalai. (Scarfone Decl. ¶¶ 2-4.)

Defendant argues that many of the putative class members have signed an employment contract ("contract"), which provides for an internal dispute resolution process. (Opp'n at 8-11; Nishikawa Decl. ¶¶ 14-16; Sipiala Decl. ¶¶ 14-

16.)  Defendant notes that this process contains six steps, the last of which provides that any complaint based on a claim for "a wage or hour violation" must be heard by an independent mediator or arbitrator unless the employee has chosen to opt out of such provision.  (Nishikawa Decl. Ex. A at 60; Sipiala Decl. Ex. 1 at 66.) Defendant maintains that of the banquet servers employed at the Four Seasons Resort, Maui during the six years preceding this action, 17 have signed the contract.  (Opp'n at 9-10; Nishikawa Decl. ¶ 16.)  Defendant maintains that of the banquet servers employed at the Four Seasons Resort, Hualalai during this same time period, 7 have signed the contract.  (Opp'n at 9-10; Sipiala Decl. ¶ 16.) Defendant argues that should these employees complain about the service charges allegedly owed to them, it intends to invoke its right to arbitration.  (Opp'n at 10; Nishikawa Decl. ¶ 17; Sipiala Decl. ¶ 17.)  Defendant argues that without these employees, the class is insufficiently numerous.  (Opp'n at 11, 29.)

Plaintiffs argue in reply that Defendant has waived any right to arbitration because it has acted in a manner inconsistent with that right.  (Reply at 4-5.)

The Court need not address the argument of waiver because even if certain food and beverage service employees have signed the contract and their claims are subject to the contract's arbitration clause, Defendant admits that there

are at least 64 casual banquet servers who did not sign the contract: 40 who were

employed at the Four Seasons Resort Maui, and 24 who were employed at the Four

Seasons Resort, Hualalai. (See Opp'n at 29.) Because the numerosity requirement

is presumed satisfied when a class is compromised of at least 40 members, the

Court concludes that this requirement is met.

        2.    <u>Commonality</u>

Commonality requires the named plaintiffs to show that "there are

questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The

Supreme Court recently noted that to satisfy this requirement, the class members'

claims "must depend on upon a common contention . . . ." <u>Wal-Mart Stores, Inc.</u>,

2011 WL 2437013, at \*7. The Supreme Court further noted, "That common

contention, moreover, must be of such a nature that it is capable of classwide

resolution--which means that determination of its truth or falsity will resolve an

issue that is central to the validity of each one of the claims in one stroke." <u>Id.</u>

Here, Plaintiffs allege that during their employment, Defendant

imposed a mandatory service charge to food and beverage bills for banquets,

events, meetings, room service, and the like. (SAC ¶ 5; Mem. in Supp. of Mot. at

4, 15.) Plaintiffs further allege that Defendant did not remit the total amount of the

proceeds of the service charge as tip income to the employees who served the food

and beverages.  (SAC ¶ 6; Mem. in Supp. of Mot. at 4, 15.)  Plaintiffs allege that

instead, Defendant retained a portion of this service charge, or used it to pay

managers or other non-tipped employees who did not serve food and beverages,

and did not disclose this retention to the Resorts' customers.  (SAC ¶¶ 7, 8; Mem.

in Supp. of Mot. at 4-5, 15.)  Based on the foregoing, the Court finds that the class

members' claims depend upon common contentions.  Furthermore, the truth or

falsity of the common contentions will likely resolve issues that are central to the

validity of the class members' claims in one stroke.  Accordingly, the Court

concludes that the commonality requirement is satisfied.

     3.   <u>Typicality</u>

     The typicality requirement is satisfied "when each class member's

claim arises from the same course of events, and each class member makes similar

legal arguments to prove the defendant's liability."  <u>Rodriguez v. Hayes</u>, 591 F.3d

1105, 1124 (citation and quotation marks omitted).  Under this standard, the class

representatives' claims need only be "reasonably coextensive with those of absent

class members;" they need not be "identical or substantially identical to those of

the absent class members."  <u>Staton v. Boeing Co.</u>, 327 F.3d 938, 957

(9th Cir. 2003) (citations and quotation marks omitted).

     Here, the named Plaintiffs' claims and the claims of the proposed

class members all arise from Defendant's alleged collection of service charges without the required disclosures to the customers, and all the claims will rely on similar legal arguments to establish Defendant's liability. The Court recognizes that Plaintiffs were employed by Defendant as banquet servers and a banquet captain, and there are no named plaintiffs who were employed by Defendant as, for example, a room service staff member. (Nishikawa Decl. ¶ 18.) This, however, does not defeat typicality because, as mentioned above, the named plaintiffs' claims do not have to be identical or substantially identical to the claims of all of the class members. See Villon, 2011 WL 2160483, at *16. As such, the Court concludes that the typicality requirement is satisfied.

    4.   Adequate Representation

In determining whether the named plaintiffs will fairly and adequately protect the interests of the class, courts in the Ninth Circuit ask two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Staton, 327 F.3d at 957 (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)). This requirement is satisfied as long as one of the class representatives is an adequate class representative. Local Joint Exec. Bd. of Culinary/Bartender Trust

Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1162 n.2 (9th Cir. 2001).

For the reasons stated in the discussion of the typicality requirement, the named Plaintiffs have a shared interest with the proposed class members. Furthermore, Plaintiffs have diligently litigated this action as a class action thus far. Although the Court recognizes that most of the named Plaintiffs worked at the Four Seasons Resort, Maui and only Plaintiff Deborah Scarfone worked at the Four Seasons Resort, Hualalai (Opp'n at 27-28), the Court rejects Defendant's argument that the food and beverage service employees at the Four Seasons Resort, Hualalai are not adequately represented. Scarfone worked at this resort as a casual banquet server from December 2005 to June 2007. (Scarfone Decl. ¶ 2; Sipiala Decl. ¶ 18.) She appears to have no conflict of interest with the proposed class members and she has vigorously prosecuted this action on behalf of the class. Plaintiffs' counsel also appears to have no conflict that would preclude them from representing the class, and they have extensive experience with these types of cases. (See Mem. in Supp. of Mot. at 18-20.) Based on the foregoing, the Court concludes that the adequacy of representation requirement is met.

B.     Rule 23(b)

Plaintiffs argue that the proposed class meets the requirements of Rule 23(b)(3). (Id. at 20-26.) As stated above, Rule 23(b)(3) presents two

additional requirements for certification: predominance and superiority. <u>See</u>

<u>Yokoyama</u>, 594 F.3d at 1090 n.1; <u>Poulos</u>, 379 F.3d at 664.

      1.   <u>Predominance</u>

"The predominance inquiry of Rule 23(b)(3) asks 'whether proposed

classes are sufficiently cohesive to warrant adjudication by representation.'" <u>In re</u>

<u>Wells Fargo Home Mortg. Overtime Pay Litig.</u>, 571 F.3d 953, 957 (9th Cir. 2009)

(quoting <u>Las Vegas Sands, Inc.</u>, 244 F.3d at 1162). Unlike Rule 23(a)(2), the

predominance requirement does not look at the mere existence of common issues.

Rather, the common issues must be "a significant aspect of the case and they

[must] be resolved for all members of the class in a single adjudication . . . ." <u>Las</u>

<u>Vegas Sands</u>, 244 F.3d at 1162 (citation omitted).

In this case, there are significant factual issues regarding Defendant's

policies and practices that are common to all class members, including whether and

when Defendant imposed service charges, who the service charges were distributed

to and in what proportion, and whether disclosures were made to customers

regarding the service charges. (<u>See</u> Mem. in Supp. of Mot. at 22-23.) In addition,

the key legal issues are also common to the members of the proposed class. The

Court can resolve these factual and legal issues for all class members in a single

action. The Court therefore concludes that the predominance factor is satisfied.

2.    <u>Superiority</u>

Rule 23(b)(3) sets forth a non-exhaustive list of factors that courts

should consider in determining superiority:

> (A)    the class members' interests in individually controlling
> the prosecution or defense of separate actions;
>
> (B)    the extent and nature of any litigation concerning the
> controversy already begun by or against class members;
>
> (C)    the desirability or undesirability of concentrating the
> litigation of the claims in the particular forum; and
>
> (D)    the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The Court concludes that these factors weigh in favor of certifying the

proposed case.  First, in light of the common factual and legal issues, the class

members have a minimal interest in individually controlling the prosecution of this

action.  Second, although there are several other similar cases pending, and some

of the named plaintiffs in these cases overlap, the instant case appears to be the

only pending case by food and beverage servers employed by the Resorts.  Third, a

class action is desirable because it is unlikely that the individual food and beverage

servers would be able to retain counsel and litigate separate actions given the

relatively small amounts allegedly due to each employee from the service charges.

Fourth, the Court does not foresee any undo difficulties in managing the instant

case as a class action.  Because the Court has not identified any other factor relevant to the superiority inquiry, the Court concludes that this requirement is satisfied.

C.     Summary

As set forth above, the proposed class meets all of the applicable requirements of Rule 23.  The Court therefore concludes that class certification is appropriate and FINDS AND RECOMMENDS that Plaintiffs' Motion for Class Certification be GRANTED.

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion for Class Certification be GRANTED as follows:

(1)     The Court CERTIFIES the instant case as a class action;

(2)     The Court CERTIFIES the following class:  all non-managerial food and beverage service employees who, from November 21, 2002, have worked at banquets, functions, events, and small parties, or provided room service at the Four Seasons Resort, Maui or the Four Seasons Resort, Hualalai, where a service charge was imposed and where a part of that service charge was kept by Defendant or management without adequate disclosure to customers;

(3)     The Court APPOINTS Daryl Dean Davis, Mark Apana, Elizabeth Valdez Kyne, Earl Tanaka, Thomas Perryman, and Deborah Scarfone as the class representatives;

(4)    The Court APPOINTS Ashley K. Ikeda, Esq., Lori K. Aquino, Esq., David Rosenfeld, Esq., Harold L. Lichten, Esq., Shannon Liss-Riordan, Esq., and Hillary Schwab, Esq., as class counsel; and

(5)    The Court ORDERS the parties to meet and confer by August 26, 2011 to agree on: the proposed notice to potential class members pursuant to Rule 23(d)(2); a method for ascertaining the identity of class members; and the most practicable procedure under the circumstances to provide notice of the instant case to those class members. The proposed notice to the class and the proposed distribution plan shall be submitted for the Court's approval by September 12, 2011.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 19, 2011.



/s/ Barry M. Kurren
United States Magistrate Judge

Davis, et al. v. Four Seasons Hotel Ltd., dba Four Seasons Resort, Maui and Four Seasons Resort, Hualalai, et al.; Civ. No. 08-00525 HG-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR CLASS CERTIFICATION BE GRANTED.

22