IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARYL DEAN DAVIS; MARK APANA; ELIZABETH VALDEZ KYNE; EARL TANAKA; THOMAS PERRYMAN; DEBORAH SCARFONE; on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>     vs.<br><br>FOUR SEASONS HOTEL LIMITED, dba FOUR SEASONS RESORT, MAUI and FOUR SEASONS RESORT, HUALALAI; MSD CAPITAL, INC.,<br><br>            Defendants. | Civ. No. 08-00525 HG-BMK |

**ORDER DENYING DEFENDANT FOUR SEASONS HOTEL LIMITED'S MOTION TO STAY PROCEEDINGS**

On September 15, 2011, Defendant Four Seasons Hotel, Limited filed a Motion to Stay Proceedings. Defendant requests that the Court stay proceedings pending the outcome of questions to be certified to the Hawaii Supreme Court. In <u>Villon v. Marriot Hotel Services, Inc.</u>, CV 08-00529-LEK-RLP, Doc. 130 (Oct. 12, 2011), and <u>Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc.</u>, CV 09-00016-LEK-RLP (October 12, 2011), Judge Leslie E. Kobayashi certified three questions to

1

the Hawaii Supreme Court that the Defendant believes are relevant to Plaintiffs' claims in this case.

Defendant's Motion to Stay is **DENIED.**

## PROCEDURAL HISTORY

On September 8, 2011, in Villon v. Marriot Hotel Services, Inc., CV 08-00529-LEK-RLP, Doc. 125 (Sep. 8, 2011), and Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc., CV 09-00016-LEK-RLP, Doc. 134 (Sep. 8, 2011), Judge Kobayashi issued orders indicating that she would certify questions to the Hawaii Supreme Court that Defendant here believes bear on Plaintiffs' claims before this Court.

On September 15, 2011, Defendant Four Seasons Hotel, Limited filed a Motion to Stay Proceedings pending the Hawaii Supreme Court's answer to the certified questions. (Doc. 177).

On October 3, 2011, Plaintiffs filed an Opposition. (Doc. 181).

On October 12, 2011, Judge Kobayashi certified the three questions to the Hawaii Supreme Court. Villon v. Marriot Hotel Services, Inc., CV 08-00529-LEK-RLP, Doc. 130 (Oct. 12, 2011); Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc., CV 09-00016-LEK-RLP (October 12, 2011).

Pursuant to Local Rule 7.2(d), the Court elected to decide the Motion without a hearing.

## ANALYSIS

Defendant Four Seasons Hotel, Limited ("Four Seasons") Moves to Stay proceedings until three certified questions are answered by the Hawaii Supreme Court.  Judge Leslie E. Kobayashi certified the three questions to the Hawaii Supreme Court in <u>Villon v. Marriot Hotel Services, Inc.</u>, CV-08-00529-LEK-RLP, Doc. 130 (Oct. 12, 2011), and <u>Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc.</u>, CV-09-00016-LEK-RLP, Doc. 139 (October 12, 2011):

1. May food or beverage service employees of a hotel or restaurant bring a claim against their employer based on an alleged violation of Haw. Rev. Stat. § 481B-14 by invoking Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11 and without invoking Haw. Rev. Stat. §§ 480-2 or 480-12?

2. If food or beverage service employees of a hotel or restaurant are entitled to enforce Haw. Rev. Stat. § 481B-14 through Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11, what statute of limitations applies?

3. May food and beverage service employees of a hotel or restaurant bring a claim under Haw. Rev. Stat. § 480-2(e) for an alleged violation of Haw. Rev. Stat. § 481B-14, where those employees have alleged that their employer's conduct has caused them injury that resulted from an unfair method of competition?

These questions may be relevant to the Plaintiffs' claims

in this case. Plaintiffs asserted claims for unpaid wages under H.R.S. § 388-6 and for unfair methods of competition under H.R.S. § 480-2 that are identical in substance to the claims in Villon and Rodriquez that are the subject of the certified questions. Here, the Plaintiffs were granted summary judgment on their claim that Four Seasons withheld wages in violation of H.R.S. § 388-6 in an Order entered on August 26, 2011.

**I. Staying a case is within the discretion of the district court**

District courts have "discretionary power" to stay proceedings. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). A party seeking a stay, however,

> must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant *1110 in another settles the rule of law that will define the rights of both.

Id. (quoting Landis, 299 U.S. at 255).

**II. A stay is not warranted under these circumstances**

Although the questions that have been certified to the

Hawaii Supreme Court are relevant to the claims in this case, several factors weigh against a stay.

This case began in 2008 and is over three years old. The Court already stayed the case once after certifying a question to the Hawaii Supreme Court. That stay lasted over 10 months. Before the Court certified the question, the parties were given an opportunity to submit briefing on the questions to be submitted. Although the Plaintiffs requested certification of a question that is similar to the first of the three questions recently certified by Judge Kobayashi, Four Seasons opposed that request. (See Four Seasons' Proposed Certification at 4 (Doc. 58)) ("[P]laintiffs' unpaid wages claim should not be included as part of the certified question."). It would be inequitable under these circumstances to now further delay and potentially prejudice the Plaintiffs' resolution of this case with another stay.

Second, it is unclear whether the certification of the questions will have any impact on this case. The Hawaii Supreme Court may decline the certification. The Hawaii Supreme Court had the opportunity, but declined, to resolve the first question in the past certification.

The first question is relevant to this case, but the ultimate impact that its resolution might have is unclear.

5

Even if the Hawaii Supreme Court rules that the Plaintiffs in this case cannot state a claim under H.R.S. § 388-6, they may nevertheless be able to recover similar damages under their unjust enrichment claim.

Plaintiffs' claim for unpaid wages under H.R.S. § 388-6 is also arguably meritorious even when analyzed without reference to H.R.S. § 481B-14.  Since the question put to the Hawaii Supreme Court concerns the enforceability of H.R.S. § 481B-14, the Hawaii Supreme Court's answer could conceivably leave open the question of Plaintiffs' entitlement to unpaid wages under H.R.S. § 388-6.  The Hawaii Supreme Court could rule, for example, that H.R.S. § 481B-14 cannot be enforced through H.R.S. § 388-6, while leaving open the question of whether H.R.S. § 388-6 provides a similar entitlement in its own right without reference to H.R.S. § 481B-14.

Here, the Plaintiffs submitted uncontroverted evidence that Four Seasons had a practice of charging hotel banquet customers "service charges" without disclosing that the charges would not be given to service employees.  Plaintiffs claimed that customers were deceived by this practice because they believed that the service charge would be distributed to the employees as tip income.  As a result, Plaintiffs claimed, customers failed to leave Plaintiffs tips when they would have

otherwise done so.

The previous Order filed on August 26, 2011 in this matter ruled that Four Seasons' practice of withholding service charges from service employees constituted withholding of tips. As H.R.S. § 388-6 prohibits employers from withholding tips from employees, the Court granted Plaintiffs summary judgment on their claim for unpaid wages under that statute. The ruling emphasized that H.R.S. § 481B-14 expressly requires hotel or restaurant employers to distribute service charges "directly to [their] employees as tip income" if they do not disclose otherwise to customers.

Although the Order emphasized that H.R.S. § 481B-14 expressly provides service employees with an entitlement to receive service charges as income under these circumstances, the result could be interpreted not to turn on the existence of H.R.S. § 481B-14. If H.R.S. § 481B-14 did not exist, service employees would still arguably have an entitlement to receive service charges as tip income under these circumstances. H.R.S. § 388-6 prohibits employers from depriving employees of tips and other income to which they are entitled. Fours Seasons' practice of imposing service charges arguably deprived employees of tips they were entitled to receive because it may have prevented customers from leaving

tips when they otherwise would have.  Such an analysis does not require any reference to H.R.S. § 481B-14.

H.R.S. § 481B-14 of course bolsters this analysis because it expressly codifies the wage entitlement.  It confirms that the Hawaii legislature intended service employees to have a wage entitlement under these circumstances.  But service employees would arguably be entitled to this income even without H.R.S. § 481B-14.

## CONCLUSION

Defendant Four Seasons Hotel, Ltd.'s Motion to Stay Proceedings (Doc. 177) is **DENIED.**

IT IS SO ORDERED.

DATED: October 20, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*DAVIS, et al. v. FOUR SEASONS HOTEL LIMITED, et al.*; Civil No. 08-00525 HG-BMK; **ORDER DENYING DEFENDANT FOUR SEASON HOTEL LIMITED'S MOTION TO STAY PROCEEDINGS.**