IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| DARYL DEAN DAVIS; MARK APANA; ELIZABETH VALDEZ KYNE; EARL TANAKA; THOMAS PERRYMAN; DEBORAH SCARFONE; on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>FOUR SEASONS HOTEL LIMITED, dba FOUR SEASONS RESORT, MAUI and FOUR SEASONS RESORT, HUALALAI; MSD CAPITAL, INC.,<br><br>        Defendants. | Civ. No. 08-00525 HG-BMK |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FOUR SEASONS HOTEL LIMITED'S MOTION FOR SUMMARY JUDGMENT, FILED JUNE 8, 2011 (DOC. 147)**

On September 3, 2010, Plaintiffs filed a five-count Second Amended Class Action Complaint. On September 30, 2010, the Court dismissed Count 2, for intentional interference with a contractual or advantageous relationship.

On June 8, 2011, Defendant filed a Motion for Summary Judgment on Count 1, unfair methods of competition in violation of Hawaii Revised Statutes (hereinafter "H.R.S.") §§ 480-2(e), 481B-14; Count 3, breach of implied contract; Count 4, unjust enrichment; and Count 5, unpaid wages in violation of H.R.S. §§ 388-6, 10, 11. On June 21, 2011, the Court granted Plaintiff's Motion for Summary Judgment as to liability for Count 5, for unpaid wages in violation

1

of H.R.S. §§ 388-6, 10, 11.

Defendant's Motion for Summary Judgment on Counts 1, 3, and 4 is **GRANTED.**  Defendant's Motion for Summary Judgment on Count 5 is **DENIED.**  The only remaining issue for trial is the amount of Plaintiff's damages for Count 5.

## PROCEDURAL HISTORY

On November 21, 2008, Plaintiffs filed a Class Action Complaint. (Doc. 1).

On January 12, 2009, Plaintiffs filed an Amended Class Action Complaint. (Doc. 13).

On January 30, 2009, Defendant Four Seasons Hotel, Limited filed a Motion to Dismiss. (Doc. 32).

On March 24, 2009, a hearing was held on Defendant's Motion to Dismiss. (See Doc. 53).  The Court denied the Motion and ordered the parties to meet and confer in order to frame an appropriate question to the Hawaii Supreme Court regarding Plaintiffs' standing. (See Doc. 53).

On June 2, 2009, the Court certified the question to the Hawaii Supreme Court regarding Plaintiffs' standing to pursue their unfair competition claim under H.R.S. § 480-2(e) for a violation of H.R.S. § 481B-14. (Doc. 75).

On July 28, 2009, the Court directed the Clerk's Office to close the case administratively, while the matter was before the

Hawaii Supreme Court. (Doc. 88).

On March 29, 2010, the Hawaii Supreme Court issued a ruling on the certified question. <u>Davis, et al., v. Four Seasons Hotel Ltd, et al.</u>, 228 P.3d 303 (Haw. 2010). The Hawaii Supreme Court ruled that Plaintiffs have standing to pursue a claim unfair competition claim under H.R.S. § 480-2(e) for a violation of H.R.S. § 481B-14 if they sufficiently allege the nature of the competition that caused their injuries. <u>Id.</u>

On April 9, 2010, the Defendant filed a Motion to Reopen the Case. (Doc. 93). On the same day, the Defendant filed a Renewed Motion to Dismiss Plaintiffs' Complaint. (Doc. 94).

On April 19, 2010, Plaintiffs filed a Motion for Leave to File Second Amended Complaint. (Doc. 98). On the same day, Plaintiffs filed a Statement of No Opposition to Defendant's Motion to Reopen Case. (Doc. 100).

On May 6, 2010, the Court granted Defendant's Motion to Reopen Case. (Doc. 102).

On August 31, 2010, the Court granted Plaintiffs' Motion for Leave to File Second Amended Complaint. (Doc. 121).

On September 3, 2010, Plaintiffs filed a Second Amended Class Action Complaint. (Doc. 122).

On September 30, 2010, the Court issued an Order Granting In Part And Denying In Part Defendant's Renewed Motion to Dismiss. (Doc. 125). The Court applied the Motion to the Second Amended

Complaint. (See Doc. 125 at 5). The Court dismissed Count 2, for intentional interference with a contractual or advantageous relationship, and allowed the remaining counts to proceed.

On November 3, 2010, Defendant filed an Answer to the Second Amended Complaint. (Doc. 126).

On April 4, 2011, Plaintiffs filed a Motion for Partial Summary Judgment on Count 5, as to Defendant's liability for unpaid wages in violation of H.R.S. §§ 388-6, 10, 11 (Doc. 132), and a Memorandum in Support (Doc. 134).

On June 8, 2011, Defendant filed a Motion for Summary Judgment (Doc. 147) and Memorandum in Support (Doc. 147-3). Pursuant to Local Rule 7.2(d), the Court elected to decide the Motion without a hearing.

On June 21, 2011, a hearing was held on Plaintiffs' Motion for Partial Summary Judgment on liability for Count 5, for unpaid wages in violation of H.R.S. §§ 388-6, 10, 11. At the hearing, the Court granted Plaintiffs' Motion for Partial Summary Judgment as to liability under Count 5, for unpaid wages, pursuant to H.R.S. §§ 388-6, 10, 11.

On June 27, 2011, Plaintiffs filed an Opposition to Defendant's Motion for Summary Judgment. (Doc. 154).

On July 13, 2011, Defendant filed a Reply. (Doc. 166).

On August 26, 2011, the Court issued a written Order setting forth the reasons forth the reasons for its June 21, 2011 oral

ruling granting Plaintiffs' Motion for Partial Summary Judgment as to Defendant's liability for Count 5, for unpaid wages in violation of H.R.S. §§ 388-6, 10, 11. (Doc. 171).

## BACKGROUND

Plaintiffs are food and beverage servers who have worked at the Four Seasons Resort, Maui (the "Maui resort"), and the Four Seasons Resort, Hualalai (the "Hualalai resort"). (Second Amended Complaint at ¶ 1 (Doc. 122); Defendant's Answer at 3, ¶ 1 (Doc. 126)). Defendant Four Seasons Hotel, Limited is responsible for managing both resorts. (Defendant's Answer at ¶ 3 (Doc. 126); Plaintiffs' Reply in Support of Motion for Partial Summary Judgment at 16 (Doc. 144)). Defendant MSD Capital, Inc. has an ownership interest in the two resorts. (Second Amended Complaint at ¶ 4 (Doc. 122); Defendant's Answer at ¶ 4 (Doc. 126)). Defendant MSD Capital, Inc. has not appeared, and there is no evidence that it was ever served.

Plaintiffs claim that Four Seasons adds a "service charge" to resort customers' food and beverage bills, which ranges from 18 to 22 percent of the food and beverage bill total. (Plaintiffs' Statement of Facts at ¶¶ 2-3 (Doc. 133)). According to the Complaint, a portion of the service charge is distributed to services employees, and another portion is retained by Four Seasons. (Id. at ¶ 4). Four Seasons does not dispute that resort

5

customers are billed an 18 to 22 percent service charge, and that it retains a portion that is not distributed to service employees. (Defendant's Statement of Facts at ¶¶ 1-4 (Doc. 140)). Four Seasons disputes that it is responsible for this practice. (Id.). Four Seasons maintains that it does not "operate" the resorts on a "day-to-day basis." (Defendant's Statement of Facts at ¶ 1 (Doc. 140)). According to Four Seasons, the "day-to-day" operation of the Maui resort is performed by 3900 WA Associates, LLC, and the "day-to-day" operation of the Hualalai resort is performed by Hualalai Investors, LLC. (Defendant's Answer at ¶ 3 (Doc. 126)).

Plaintiffs' claims for relief are all based on an allegation that Four Seasons failed to disclose to customers, prior to the filing of this lawsuit, that the service charges were not remitted in full to the employees who serve the food and beverages. (Second Amended Complaint at ¶¶ 8-9 (Doc. 122); Plaintiffs' Statement of Facts at ¶ 5 (Doc. 133)). Plaintiffs maintain that customers are misled into believing that the entire service charge is distributed to the service employees, and that customers who would otherwise be inclined to leave an additional gratuity do not do so. (Second Amended Complaint at ¶ 9 (Doc. 122)).

**STANDARD**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325.  The moving party must, however, show that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing

that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed.R.Civ.P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). Nor can the opposing party rest on conclusory statements. National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

Four Seasons Moves for Summary Judgment on the remaining claims in this action: Counts 1, 3, and 4. Four Seasons argues that the Plaintiffs lack evidence to support these claims.

In Count 1, Plaintiffs claim that Four Seasons' failure to

disclose that service charges were not remitted in full to service employees constitutes an unfair method of competition in violation of Hawaii Revised Statutes (hereinafter "H.R.S.") §§ 480-2(e), 481B-14.  In Count 3, Plaintiffs claim that the practice constitutes a breach of an implied contract.  In Count 4, Plaintiffs claim that the practice constitutes unjust enrichment.

**Four Seasons Was Plaintiffs' Employer**

As a threshold matter, Four Seasons argues that all of Plaintiffs remaining claims fail because it was not the Plaintiffs' "employer."  H.R.S. § 388-1 defines "employ" as "to permit or suffer to work."  In their Answer to the Second Amended Complaint, however, Four Seasons concedes that it is contractually responsible for managing both the Maui and Hualalai resorts, and has the authority to do so. (Defendant's Answer at ¶ 3 (Doc. 126)).  There is no genuine issue of fact that Four Seasons "permit[ed] or suffer[ed]" Plaintiffs to work, as the term "employ" is defined under H.R.S. § 388-1, and was therefore their "employer" under H.R.S. § 388-1.

**Count 1:  Unfair Method of Competition In Violation of H.R.S. §§ 480-2(e), 481B-14**

Plaintiffs claim that Four Seasons violated H.R.S. § 481B-14 by failing to disclose to customers that it was retaining a portion of a mandatory "service charge."  H.R.S. § 481B-14 provides:

> Any hotel or restaurant that applies a service charge for the sale of food or beverage services shall distribute the service charge directly to its employees as tip income or clearly disclose to the purchaser of the services that the service charge is being used to pay for costs or expenses other than wages and tips of employees.

Plaintiffs argue that a violation of this statute constitutes an unfair method of competition or unfair and deceptive act or practice within the meaning of H.R.S. § 480-2(a), which provides:

> Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

H.R.S. § 480-2(e) permits any person to "bring an action based on unfair methods of competition declared unlawful by this section." A class action for such violation is permitted by H.R.S. § 480-13.

In Davis v. Four Seasons Hotel, Ltd., 228 P.3d 303, 305 (Haw. 2010), the Hawaii Supreme Court held that employees may bring a claim under H.R.S. § 480-2(e) for a violation of H.R.S. § 481B-14. In order to prevail on a claim pursuant to section § 480-2(e) based on a violation of section 481B-14, however, employees must show that the defendant's violation had a negative effect on competition, and that this negative effect caused the employee's injury. Id. at 438-39.

In their Opposition, Plaintiffs concede that they cannot prove that Defendant's violation of section 481B-14 had a negative effect on competition. Four Seasons' Motion for Summary Judgment on Count 1, for unfair methods of competition in violation of H.R.S. §§ 480-2(e), 481B-14, is **GRANTED.**

**Count 3:  Breach of Implied Contract**

Plaintiffs claim that Four Seasons' failure to remit the total proceeds of "service charges" to food and beverage employees constitutes a breach of two implied contracts.  Plaintiffs claim that Four Season breached an implied contract with Plaintiffs, and also breached an implied contract with customers, to which the Plaintiffs were third party beneficiaries.

An implied contract is present:

> . . . where the intention of the parties is not expressed, but an agreement in fact, creating an obligation, is implied from *their acts*,, as in the case where a person performs services for another, who accepts the same, the services not being performed under such circumstances as to show that they were intended to be gratuitous, or where a person performs services for another on request.

Kemp v. State of Hawaii Child Support Enforcement Agency, 141 P.3d 1014, 1038 (Haw. 2006)(internal citation omitted).  The "essential element of an implied contract" is a "*mutual intent to form a contract*" that is implied from the "actions of the parties." Id.

In the Court's September 30, 2010 Order resolving Four Seasons' Motion to Dismiss, the Court ruled that if the allegations in the Second Amended Complaint are true, "it is plausible that a jury could find that the employment relationship between Plaintiffs and the Defendants created an implied obligation on the part of the Defendants to comply with H.R.S. § 481B-14." (Doc. 125 at 36).  Four Seasons has now moved for summary judgment on the ground that Plaintiffs lack evidence to support this claim.  Plaintiffs have

the burden of coming forward with evidence to support their claim. Fed.R.Civ.P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. Plaintiffs must present evidence that Four Seasons and the Plaintiffs acted in a manner that implied a mutual intent to form a contract requiring Four Seasons to distribute service charges in full to service employees, or disclose otherwise to customers. To establish an implied contract between Four Seasons and customers, Plaintiffs must point to evidence of actions taken by Four Seasons and customers that would similarly imply a mutual intent to form a contract.

Plaintiffs have pointed to no actions by Four Seasons and by Plaintiffs that, together, reflect an implied contract to distribute service charges to service employees. Nor do Plaintiffs point to any actions taken by Four Seasons and customers that would reflect an implied contract to distribute service charges to service employees. In order to prevail on a breach of implied contract claim, Plaintiffs have the burden of presenting evidence that reflects that a "mutual intent to form a contract" was implied from the actions of Plaintiffs and Four Seasons. Kemp v. State of Hawaii Child Support Enforcement Agency, 141 P.3d 1014, 1038 (Haw. 2006) (internal citation omitted). The "essential element of an implied contract" is a "*mutual intent to form a contract*" that is implied from the "actions of the parties." Id. Plaintiffs have provided evidence that prior to the filing of their lawsuit Four

12

Seasons added a service charge to food and banquet bills. Plaintiffs presented evidence that Four Seasons retained a portion of the service charge, rather than distributing it in full to the service employees. Plaintiffs also have provided evidence that Four Seasons failed to clearly disclose to customers that it was retaining a portion of the service charge. (See e.g., Sample 2004 Banquet Contract, Exhibit 5 to Plaintiffs' Statement of Facts (Doc. 133-6)). But Plaintiffs have not provided any evidence of actions taken by Four Seasons and by Plaintiffs from which an inference could be drawn that they mutually intended to form a contract requiring Four Seasons to remit the total service charge to the employees.

Four Seasons' Motion for Summary Judgment on Count 3, for breach of implied contract, is **GRANTED.**

**Count 4:   Unjust Enrichment**

Plaintiffs claim that Four Seasons is liable for unjust enrichment for not remitting the total proceeds of "service charges" to food and beverage employees and failing to disclose it to customers. To recover on an unjust enrichment claim, a plaintiff must prove: (1) the defendant received a benefit without adequate legal basis; and (2) unjustly retained the benefit at the expense of the plaintiff. Chapman v. Journal Concepts, Inc., 2008 WL 5381353, at *21 (D. Haw. 2008) (citing Small v. Badenhop, 701

13

P.2d 647, 654 (Haw. 1985); see also Durrette v. Aloha Plastic Recycling, Inc., 100 P.3d 60, 61 (Haw. 2004) (unjust enrichment occurs when the plaintiff confers a benefit on the defendant, and the defendant unjustly retains the benefit). Unjust enrichment is a "broad and imprecise term." Durrette, 100 P.3d at 72 (internal citation and quotation marks omitted). In reviewing unjust enrichment claims, courts must be guided by the "underlying conception of restitution, the prevention of injustice." Id.

Four Seasons argues, first, that Plaintiffs' unjust enrichment claims fails because the Plaintiffs were well aware that Four Seasons was retaining a portion of the service charge. Plaintiffs do not need to be ignorant of Four Seasons' service charge practice in order for it to be unjust. Four Seasons also argues that they violated no law. Plaintiffs have presented evidence that Four Seasons violated H.R.S. § 481B.

Finally, Four Seasons argues that to the extent Plaintiffs have a viable claim based on H.R.S. § 481B-14, they already have a viable legal remedy, making an unjust enrichment claim unavailable. Hawaii courts observe the principle that equitable remedies, like unjust enrichment, are only available when legal remedies are inadequate. Porter v. Hu, 169 P.3d 994, 1006 (Haw. Ct. App. 2007). Plaintiffs have an adequate remedy in the form of a claim for unpaid wages pursuant to H.R.S. § 388-6. Plaintiffs concede that they already have an adequate legal remedy, but argue that their

14

unjust enrichment claim should be allowed to continue as an alternative claim until the case is finally closed. Plaintiffs seek to preserve the claim, in the event that their wage claim is overturned on appeal.

Plaintiffs' have an adequate remedy in the form of a claim for unpaid wages under H.R.S. § 388-6, which precludes the assertion of an unjust enrichment claim seeking the same damages. If an appellate court rules that Plaintiffs' wage claim is unavailable, Plaintiffs may request that the appellate court remand for reconsideration of their unjust enrichment claim. Four Seasons' Motion for Summary Judgment on Plaintiffs' unjust enrichment claim is **GRANTED.**

## CONCLUSION

Defendant Four Seasons Hotel, Limited's Motion for Summary Judgment (Doc. 147) is **GRANTED IN PART AND DENIED IN PART.**

Four Seasons' Motion for Summary Judgment on Count 1, for unfair methods of competition in violation of Hawaii Revised Statutes ("H.R.S.") §§ 480-2(e), 481B-14; Count 3, for breach of implied contract; and Count 4, for unjust enrichment, is **GRANTED.**

Four Seasons' Motion for Summary Judgment on Count 5, for unpaid wages in violation of H.R.S. §§ 388-6, 10, 11, is **DENIED.** In the Court's August 26, 2011 Order, the Court granted Plaintiffs'

Motion for Summary Judgment on liability for Count 5.

    IT IS SO ORDERED.

    DATED: October 20, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

*DAVIS, et al. v. FOUR SEASONS HOTEL LIMITED, et al.;* Civil No. 08-00525 HG-BMK; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FOUR SEASONS HOTEL, LIMITED'S MOTION FOR SUMMARY JUDGMENT, FILED JUNE 8, 2011.**