IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARYL DEAN DAVIS; MARK APANA; ELIZABETH VALDEZ KYNE; EARL TANAKA; THOMAS PERRYMAN; DEBORAH SCARFONE; on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>FOUR SEASONS HOTEL LIMITED, dba FOUR SEASONS RESORT, MAUI and FOUR SEASONS RESORT, HUALALAI; MSD CAPITAL, INC.,<br><br>　　　　Defendants. | Civ. No. 08-00525 HG-BMK |

**ORDER DENYING DEFENDANT FOUR SEASONS HOTEL LIMITED'S APPEAL OF THE MAGISTRATE JUDGE'S DENIAL OF ITS RENEWED MOTION FOR STAY OF PROCEEDINGS (DOC. 194)**

On September 15, 2011, Defendant Four Seasons Hotel, Limited ("Four Seasons" or "Defendant") filed a Motion for a Stay of Proceedings. (Doc. 177). On October 20, 2011, the Court denied the Motion. (Doc. 182). On December 13, 2011, Four Seasons filed a Renewed Motion for Stay of Proceedings, which was referred to Magistrate Judge Kurren. (Doc. 190). On January 1, 2012, Judge Kurren denied the Renewed Motion for the same reasons set forth in the Court's Order denying

1

the original Motion to Stay. (Doc. 191). On January 17, 2012, Four Seasons filed an Appeal of Judge Kurren's ruling. The Appeal (Doc. 194) is **DENIED.**

**PROCEDURAL HISTORY**

On September 8, 2011, in <u>Villon v. Marriot Hotel Services, Inc.</u>, CV 08-00529-LEK-RLP, Doc. 125 (Sep. 8, 2011), and <u>Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc.</u>, CV 09-00016-LEK-RLP, Doc. 134 (Sep. 8, 2011), Judge Kobayashi issued orders indicating that she would certify questions to the Hawaii Supreme Court that Defendant here believes bear on Plaintiffs' claims before this Court.

On September 15, 2011, Defendant Four Seasons Hotel, Limited filed a Motion to Stay Proceedings pending the Hawaii Supreme Court's answer to the certified questions. (Doc. 177).

On October 12, 2011, Judge Kobayashi certified the three questions to the Hawaii Supreme Court. <u>Villon v. Marriot Hotel Services, Inc.</u>, CV 08-00529-LEK-RLP, Doc. 130 (Oct. 12, 2011); <u>Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc.</u>, CV 09-00016-LEK-RLP (October 12, 2011).

On October 20, 2011, the Court issued an Order denying Defendant's Motion to Stay Proceedings. (Doc. 182).

On December 13, 2011, Defendant filed a Renewed Motion for Stay of Proceedings pending the Hawaii Supreme Court's answer to the certified questions. (Doc. 190).

On January 1, 2012, Magistrate Judge Kurren issued an Order denying the Defendant's Renewed Motion to Stay. (Doc. 191).

On January 17, 2012, Defendant filed an Appeal of Magistrate Judge Kurren's denial of its Renewed Motion to Stay. (Doc. 194).

On January 31, 2012, Plaintiffs filed a Response in opposition. (Doc. 197).

Pursuant to Local Rule 7.2(d), the Court elected to decide the Appeal without a hearing.

**STANDARD**

Federal Rule of Civil Procedure 72(a) and Local Rule 74.1 allow a party to appeal a magistrate judge's decision within 14 days. In considering the appeal, the district judge must "set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." LRCiv 74.1. The district judge may also "reconsider *sua sponte* any matter determined" by the magistrate judge. Id.

The clearly erroneous standard is "significantly deferential and is not met unless the reviewing court is left with a definite and firm conviction that a mistake has been committed." Hernandez v. Tanninen, 604 F.3d 1095, 1100 (9th Cir. 2010) (quoting Cohen v. U.S. Dist. Court for Northern Dist. of Cal., 586 F.3d 703, 708 (9th Cir. 2009)).

**ANALYSIS**

Four Seasons argues that the Magistrate Judge's denial of its Renewed Motion to Stay is erroneous because the denial relies on the same grounds previously given by the Court when denying Four Seasons' original Motion to Stay. Such reliance is erroneous, Four Seasons argues, because the Court's grounds for denying the stay were rendered moot by intervening circumstances. Specifically, Four Seasons argues that subsequent to the Court's ruling on the original Motion to Stay, the Hawaii Supreme Court has "dispelled any doubt" that it will answer the certified question submitted by Judge Kobayashi in Villon v. Marriot Hotel Serv. Inc., CV-08-00529 LEK-RLP.

Four Seasons fails to point to a clear error in the Magistrate Judge's ruling or to grounds for reconsideration of the Court's Order denying Four Seasons' original Motion

4

to Stay.  Magistrate Judge Kurren's ruling was a denial of a motion for reconsideration.  A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation and quotation marks omitted).

The Hawaii Supreme Court did not "dispel[] any doubt" that it would answer the certified question.  Although the Hawaii Supreme Court ordered the parties in Villon to brief one of the certified questions, it expressly stated that it was doing so "without conclusively determining whether this court will answer [it]." (Order on Certified Question, Villon v. Marriot Hotel Serv. Inc., CV-08-00529 LEK-RLP Doc. 135 (Nov. 9, 2011)).

In any event, a decision by the Hawaii Supreme Court to answer the certified question does not warrant reconsideration of the Court's Order denying Four Seasons' original Motion to Stay.  Deciding whether to impose a stay is within the sound discretion of the district court. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005).  In denying Four Seasons' original Motion to Stay,

5

the Court emphasized that a party seeking a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis v. North American Co., 299 U.S. 248, 255 (1936). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Id.

There is a fair possibility that the stay Four Seasons seeks would work damage to the Plaintiffs. If the Hawaii Supreme Court answers the certified question in the Plaintiffs' favor, the stay will have needlessly delayed the Plaintiffs' resolution of their case. This case is already over three years old, and was previously stayed for over 10 months while the Hawaii Supreme Court answered a prior certified question. Delaying the Plaintiffs' resolution of their case for even longer could result in any number of unforeseen events that would prejudice the Plaintiffs. In failing to consider the potential harm to the Plaintiffs that a stay might cause, Four Seasons appears to assume that the Hawaii Supreme Court's answer to the certified question will be in its favor.

As the party seeking a stay, Four Seasons has the

6

burden of showing that any potential harm to the Plaintiffs is outweighed by a "clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255. Four Seasons fails to do so.  Four Seasons essentially argues that being required to go forward will be a hardship because it will have to expend resources litigating a case even though it may ultimately prevail.  Given that the Hawaii Supreme Court may rule in favor of the Plaintiffs, this is of course only a potential harm.  Under the circumstances and equities present in this case, it does not outweigh the potential harm that a stay could cause to the Plaintiffs.  As the Court pointed out in its Order denying Four Seasons' original Motion to Stay, Four Seasons previously opposed the Plaintiffs' request to certify a question to the Hawaii Supreme Court that is substantively identical to the currently certified question.  It would be inequitable to now impose a stay and potentially prejudice the Plaintiff's resolution of their case in order to avoid potential harm to Four Seasons.

As Four Seasons has not identified a clear error in the Magistrate Judge's ruling or grounds for reconsideration of the Court's denial or its original Motion to Stay, Four Seasons' Appeal is **DENIED.**

**CONCLUSION**

Defendant Four Seasons Hotel, Ltd.'s Appeal of the Magistrate Judge's Denial of Its Renewed Motion for Stay of Proceedings (Doc. 194) is **DENIED.**

IT IS SO ORDERED.

DATED: February 14, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

DAVIS, et al. v. FOUR SEASONS HOTEL LIMITED, et al.; Civil No. 08-00525 HG-BMK; ORDER DENYING DEFENDANT FOUR SEASONS HOTEL LIMITED'S APPEAL OF THE MAGISTRATE JUDGE'S DENIAL OF ITS RENEWED MOTION FOR STAY OF PROCEEDINGS (DOC. 194).